```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

CLARENCE NASH, *incapacitated*, by   \*
and through his Next Friend and
Mother, TONYANEKA PORTER,            \*

    Plaintiff,                  \*

vs.                                  \*    CASE NO. 4:24-CV-14 (CDL)

COLUMBUS CONSOLIDATED GOVERNMENT     \*
and LUIS MORALES, JR.,
                                     \*
    Defendants.
                                     \*

## O R D E R

Clarence Nash was an inmate at the Muscogee County Prison. While Nash was assigned to a prison work detail in a public park, his supervisor Luis Morales Jr. instructed Nash and other inmates to ride to their next assignment in the park on an unenclosed equipment trailer. As he was driving to the next assignment, Morales suddenly hit the brakes to avoid a jogger in the roadway. Nash fell off the trailer and was dragged underneath it, sustaining serious injuries. Nash asserts a claim against Morales under 42 U.S.C. § 1983, claiming that Morales violated his Eighth Amendment rights. Morales filed a motion to dismiss, arguing that he is entitled to qualified immunity. For the reasons set forth below, the motion (ECF No. 16) is granted.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Clarence Nash makes the following allegations, which the Court accepts as true for purposes of the pending motion. While Nash was an inmate confined at the Muscogee County Prison, he was assigned to a prison work detail with seven other inmates providing lawn care at Flat Rock Park in Columbus, Georgia. Officer Luis Morales Jr. was responsible for transporting and supervising the inmates at the park. To tow the lawn equipment to the inmates'

2

work assignments in the park, Morales drove a box truck with an unenclosed equipment trailer attached to the back.  After the inmates completed one assignment at the park, Morales instructed them to secure a riding lawnmower onto the center of the trailer and then told the inmates to get on the trailer so he could drive them to the next assignment in the park.  Because the lawnmower was secured in the middle of the trailer, the inmates had to sit on the edges of the trailer, unsecured and unrestrained.  The trailer was not designed to transport passengers, and Morales did not provide the inmates with any instructions or advise them to take any precautions.  From the driver's seat of the box truck, Morales could not see or hear the inmates on the trailer.

As Morales drove the inmates and equipment to their next work assignment in the park, he suddenly hit the brakes to avoid hitting a jogger in the roadway.  As a result, the trailer jerked back and forth, and the inmates had no warning that they might need to brace themselves.  Nash fell off the trailer and onto the roadway, underneath the trailer.  Morales did not check on the inmates at that point.  The other inmates immediately began yelling and trying to get Morales to stop.  Morales, who could not see or hear the inmates from the driver's seat of the box truck, did not stop. Nash was dragged under the trailer approximately 125 feet before

Morales reached his destination and stopped.[1]  Nash suffered serious and life-threatening injuries.

## DISCUSSION

Nash brought a claim against Morales in his individual capacity under 42 U.S.C. § 1983, asserting that Morales violated his Eighth Amendment rights.[2]  The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII.  This amendment governs the treatment convicted prisoners receive while in prison. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Prison officials "must 'take reasonable measures to guarantee the safety of the inmates,'" and a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Id.* at 828, 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  Deliberate indifference requires "a state of mind more blameworthy than negligence."  *Id.* at 835.  An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  "There must be a 'strong likelihood' of injury, 'rather than a mere possibility,'

---

[1] There is no allegation that Morales knew Nash had fallen off the trailer or that he intentionally dragged him under the trailer.
[2] Nash also brought a negligence claim against the Columbus Consolidated Government, which is not at issue in this Order.

4

before an official's failure to act can constitute deliberate indifference." *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (quoting *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam)).

Morales argues that he is entitled to qualified immunity on Nash's § 1983 claim against him. Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To receive qualified immunity, the official must prove that he was acting within the scope of his discretionary authority when the allegedly unlawful conduct took place. *Mobley v. Palm Beach Cnty. Sheriff Dep't,* 783 F.3d 1347, 1352 (11th Cir. 2015) (per curiam). Here, Nash does not dispute that Morales was acting within his discretionary authority when Nash was injured. Thus, at the motion to dismiss stage, the Court must determine whether Nash's alleged facts demonstrate that Morales violated his constitutional rights and that "the law clearly established those rights at the time of the alleged misconduct." *Id.* at 1353 (quoting *Morton v. Kirkwood*, 707 F.3d 1276, 1281 (11th Cir. 2013)).

The crux of Nash's complaint is that Morales drove a short distance in a park while towing unrestrained inmates on an unenclosed trailer that was not designed to transport passengers,

5

and he failed to check on the inmates after suddenly braking to avoid a jogger even though he should have known that the inmates were likely jostled. The Court has serious doubts as to whether the alleged conduct posed a strong likelihood (rather than a mere possibility) of serious injury to the inmates or that Morales was subjectively aware of such a risk. Thus, Nash has likely failed to plausibly allege an Eighth Amendment violation. But the Court does not have to make that definitive determination to resolve the pending motion to dismiss.

Even if Nash did adequately allege a constitutional violation, he did not point to any binding precedent that would put a reasonable official on notice that Morales's alleged conduct could violate the Eighth Amendment. The Court understands that the law "does not require a case directly on point for a right to be clearly established," but "existing precedent must have placed the statutory or constitutional question beyond debate" in light of the specific context of the case. *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)). Most of the precedent Nash cited has nothing to do with prison work detail conditions and thus would not put a reasonable officer in Morales's position on notice that his conduct might be unlawful in the situation he confronted.[3]

---

[3] Most of Nash's cases deal with a risk of violence, not prison work detail hazards. *See Nelson v. Tompkins*, 89 F.4th 1289, 1298 (11th Cir.

Nash did cite out-of-circuit authority which stands for the proposition that requiring an inmate to participate in obviously dangerous work that is nearly certain to cause serious injury without proper precautions can violate the Eighth Amendment. Even if these cases were binding precedent that supported a clearly established principle which could control the novel facts here, the cases are clearly distinguishable from this one. In *Rhodes v. Michigan*, a prison official was deliberately indifferent to a substantial risk of serious harm under the plaintiff's version of the facts because he flung a 200-pound laundry cart toward the plaintiff's head while she was looking the other way. 10 F.4th 665, 675 (6th Cir. 2021). And in *Hall v. Bennett*, prison supervisors were deliberately indifferent to an obvious risk of electrocution under the plaintiff's version of the facts because they knew the plaintiff was "working on a live circuit of elevated voltage" and refused to provide him with protective gloves. 379 F.3d 462, 464 (7th Cir. 2004). Here, in contrast, the hazardous work condition—unexpected braking while inmates rode a short distance in a park while sitting on the edge of a trailer—does not

---

2024) (serious risk of violence from cellmate); *Bowen v. Warden, Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016) (serious risk of violence from cellmate); *LaMarca v. Turner*, 995 F.2d 1526, 1536 (11th Cir. 1993) (unreasonable risk of violence at prison); *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (serious risk of harm due to violence at the hands of other prisoners); cf. *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (risk of harm from involuntary exposure to tobacco smoke).

raise a strong likelihood (rather than a mere possibility) of serious injury.

Nash argues that even if he did not point to binding precedent that clearly establishes a constitutional right under factually similar circumstances or a broader, clearly established principle that should control the facts here, the Court should conclude that this is an "obvious clarity" case.  The Court recognizes that a plaintiff can show that his constitutional rights were violated by demonstrating "that the conduct at issue 'lies so obviously at the very core of what the [Constitution] prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law.'" *Hunter v. City of Leeds*, 941 F.3d 1265, 1278 (11th Cir. 2019) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1199 (11th Cir. 2002)).  For example, in *Taylor v. Riojas*, the Eighth Amendment's prohibition on cruel and unusual punishment obviously prohibited confining a prisoner in "shockingly unsanitary cells" where he was surrounded by feces and forced to sleep naked in sewage for six days.  592 U.S. 7, 7-8 (2020).  And in *Hope v. Pelzer*, the Eighth Amendment's prohibition against "unnecessary and wanton infliction of pain" obviously prohibited officers from chaining an inmate to a hitching post in the sun for seven hours without enough water and without any bathroom breaks. 536 U.S. 730, 737, 741 (2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  Here, though, it was not

obvious that having inmates ride a short distance in a park while sitting on the edge of a trailer would present an excessive risk to inmate health or safety.

In summary, the Court is not persuaded that Morales had fair warning that his conduct would violate the Eighth Amendment. Accordingly, Morales is entitled to qualified immunity, and the § 1983 claim against him is dismissed.

## CONCLUSION

For the reasons set forth above, the Court finds that Morales is entitled to qualified immunity on the Eighth Amendment § 1983 claim against him.  The Court thus grants his motion to dismiss (ECF No. 16).  Nash's negligence claim against the Columbus Consolidated Government remains pending.

IT IS SO ORDERED, this 23rd day of May, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA